# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-25-00376-CV

**Thrive Counseling, LLC and Steven Wright, Appellants**

**v.**

**Kylie DeFrance, Appellee**

### FROM THE 335TH DISTRICT COURT OF BASTROP COUNTY,
### NO. 2799-335, THE HONORABLE JOHN WINKELMANN, JUDGE PRESIDING

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Appellants Thrive Counseling, LLC and Steven Wright filed a notice of accelerated interlocutory appeal on May 28, 2025, from the trial court's February 26, 2025 order determining that neither an expert report nor expert testimony is necessary in the underlying case and that Chapter 74 of the Texas Civil Practice and Remedies Code does not apply to the case. *See* Tex. Civ. Prac. & Rem. Code §§ 74.353(d) (establishing that trial court's preliminary determination about whether claimant's claim is a healthcare-liability claim is subject to interlocutory appeal), 51.014(a)(15) (same); *see also* Tex. R. App. P. 26.1(b) (establishing 20-day deadline to file notice of accelerated appeal); *id.* R. 28.1(a) (establishing that statutorily allowed appeals from interlocutory orders are accelerated). Appellants subsequently filed an unopposed joint motion to abate the appeal.

In their motion, appellants request that this Court abate the appeal for thirty days to allow the trial court to rule on the May 15, 2025 motions they each filed asking the trial court to vacate its February 26, 2025 order, or in the alternative, to rule under Texas Rule of Civil Procedure 306a to determine the date that appellants received notice or acquired actual knowledge of that order and from which appellate deadlines will run. *See* Tex. R. Civ. P. 306a(4), (5). Appellants state that they requested in their Rule 306a motions that the trial court make a written finding of the date on which appellants' counsel first obtained actual knowledge of the February 26, 2025 order. Appellants inform the Court that a hearing on their motions to vacate or alternatively determine a Rule 306a notice or knowledge date was scheduled for June 11, 2025.

We grant the motion. We abate the appeal and remand the cause to the trial court to allow the trial court time to conduct the hearing to determine the date upon which appellants first received notice or acquired actual knowledge that the February 26, 2025 order had been signed. *See id.*; *see also* Tex. R. App. P. 4(c) (requiring trial court to sign written order after conducting Rule 306a hearing that finds date of notice or actual knowledge of signing of order). The trial court shall issue a written order of its findings and shall include the order in a supplemental clerk's record to be filed with this Court on or before July 18, 2025.

It is so ordered on June 18, 2025.

Before Justices Triana, Theofanis, and Crump

Abated and Remanded

Filed: June 18, 2025